## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

JAKE WALTON RITCHIE and
REGINA C. RITCHIE,

Case No. 07-11040-RGM
(Chapter 7)

Debtors.

**MEMORANDUM OPINION AND ORDER**

THIS CASE is one of nine cases on the court's May 13, 2008 docket, in which the debtor seeks to reopen the case so that the debtor may file a certificate of completion of the required financial management course. Section 727(a)(11) of the Bankruptcy Code requires the debtor to complete an instructional course concerning personal financial management as described in §111 before a discharge may be granted. If the debtor does not timely complete the course, the case is closed without the debtor receiving a discharge.

The cases on the court's docket follow a now-familiar pattern. Each asserts one or more of the typical elements: the debtor was not aware of the requirement; the financial educational provider did not forward the certificate; or counsel did not realize that the certificate was not filed timely. The case is closed without a discharge. The debtor and counsel belatedly recognize the error. The debtor now seeks to reopen the case so that a discharge may be granted.

The court has been very liberal – perhaps indulgent – for some time in allowing cases to be reopened, the certificate to be filed, the discharge to be granted, and the case to be closed. This gave the bar a reasonable time within which to modify their procedures so that they could routinely comply with this 2005 change in the Bankruptcy Code. For the last several months, the bar was admonished that a day would come when the motions would no longer be liberally granted. That

day has come.

The court re-iterates what it has stated in the past: In order for a motion to be granted, there must be a reasonable explanation for the debtor's failure to comply with the requirement and counsel's failure to monitor the debtor's compliance; no prejudice to creditors; and a timely request for relief. In evaluating the reasonableness of the excuses given, ignorance on the part of the debtor is not satisfactory. The court provides written notice of the requirement to every debtor. Counsel advises or ought to advise every debtor of the requirement. In these circumstances, mere ignorance on the part of the debtor of the requirement is not a reasonable excuse.

Counsel's failure to timely recognize non-compliance – whether caused by the debtor or the educational provider – is also not a reasonable excuse. Counsel is well aware of the requirement. The requirement has a deadline. The deadline is no different than the deadline for many other aspects of the case. Counsel is responsible for monitoring deadlines and endeavoring to have his client comply with them. This deadline is no different from, for example, the deadline to file schedules, to appear at the first meeting of creditors or to record a homestead deed. Counsel is responsible for keeping an appropriate tickle system and checking the court file – which is available 24 hours a day over the internet – to make sure that the certificate is obtained and timely filed. In those cases where it is not, counsel should follow-up with the client so that the requirement can be timely satisfied.

All four requirements previously articulated by the court must be satisfied for a case to be reopened. The debtor must have a reasonable excuse for not having taken the course timely. Counsel must have a reasonable excuse for not following up. There can be no prejudice to creditors. The relief must be timely requested. Unless all four requirements are met, a motion to reopen will not be granted.

In one of the nine cases, the debtor potentially has a reasonable excuse: illness. In that case, however, it is not clear how long or when the debtor was ill, the extent of her incapacity, or why counsel did not request for an extension of time due to his client's illness. All of the motions will be denied except in the case where the client was ill. That will be set down for an evidentiary hearing. It is, therefore

ORDERED that the motion to reopen this case is denied.

Alexandria, Virginia
May 7, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Robert R. Weed
211 N. Union Street, Suite 100
Alexandria, Virginia 22314

H. Jason Gold
Wiley Rein LLP
7925 Jones Branch Drive, Suite 6200
McLean, Virginia 22102

14261